IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL W. LOWMAN                                         PLAINTIFF

v.                  CIVIL NO. 2:17-CV-2011

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael W. Lowman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on September 17, 2009, alleging an inability to work since May 1, 2012,[2] due to chronic obstructive pulmonary disease (COPD), lumbar spinal stenosis, and depression. (Tr. 163). For DIB purposes, Plaintiff maintained insured status through December 31, 2013. (Tr. 15, 834, 1533). The first administrative hearing was held on May 19, 2010, where Plaintiff, a witness, and a vocational

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff's original onset date was July 9, 2009; however, in the December 13, 2016 opinion, the ALJ found that Plaintiff had an amended the alleged onset date of May 1, 2012. (Tr. 1531, 1533).

1

expert testified. (Tr.30-70). Subsequently, on August 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-23). Plaintiff appealed the ALJ's August 26, 2010, decision to this Court, and after consideration, this Court reversed and remanded Plaintiff's case for further development of the record. See Lowman v. Astrue, 2:11-CV-02166 (W.D. Ark. Sept. 2012).

A second hearing was held on May 5, 2014, where Plaintiff and a vocational expert testified. (Tr. 853-877). Following the hearing, the ALJ entered a second unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 832-847). Plaintiff also appealed the ALJ's October 24, 2014, decision to this Court, and upon consideration, this Court reversed and remanded Plaintiff's case. See Lowman v. Colvin, 2:11-CV-02166 (W.D. Ark. Dec. 2015).

A third hearing was held on September 7, 2016, where Plaintiff and a vocational expert testified. (Tr. 1547-1571). By written decision dated December 13, 2016, the ALJ found that during the relevant time periods, Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, dextroscoliosis of the thoracic spine, osteoarthritis of the right knee, chronic obstructive pulmonary disease (COPD), varicose veins, insomnia, and anxiety. (Tr. 1533). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 1534-1535). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except as follows:

> no climbing ropes, ladders, or scaffolds; occasional climbing stairs and ramps; occasionally balance, crawl, kneel, stoop, and crouch; avoid concentrated exposure to temperature extremes, humidity, dusts, odors, gases, and similar pulmonary irritants; avoid hazards including unprotected heights and moving

> machinery; can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to work performed; can respond to supervision that is simple, direct, and concrete.

(Tr. 1535-1538). With the help of a vocational expert, the ALJ determined that while Plaintiff was unable to perform any of his past relevant work, there were jobs that existed in significant numbers in the national economy that he could perform, such as small product assembler, document preparer, and escort vehicle driver. (Tr. 1539). The ALJ concluded that Plaintiff had not been under a disability, as defined by the Social Security Act, from May 1, 2012, his amended alleged onset date, through December 13, 2016, the date of the ALJ's decision. (Tr. 1539).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 22nd day of March, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE